IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAY FRANCIS SPRINGS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 1:24-cv-00414-MLB-RDC |
| v. | ) | |
| | ) | |
| CARRINGTON MORTGAGE | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendant Carrington Mortgages Services, LLC ("Carrington") hereby moves to dismiss Plaintiff Jay Francis Springs's "Amended Common Lawsuit for Trespass, Injury, Wrongful Foreclosure/Eviction Attempt, Fraud Upon the Court, Permanent Injunction for Cease and Desist, and Other Equitable Relief and Remedies" (hereinafter the "Amended Complaint") (Doc. 5-1) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In support of this Motion, Carrington states as follows:

## INTRODUCTION

This case appears to arise out of the foreclosure of the property at 43 Gammon Avenue SE in Atlanta, Georgia (the "Property"). Although not entirely clear from the allegations in the Amended Complaint, the documents attached to the Amended Complaint show that the Property secured repayment of a reverse mortgage loan

taken out by Plaintiff's late wife, Nellie Springs, which became due and payable upon Ms. Springs's death in December 2022. *See* Am. Complaint Exs. A & C. In November 2023, with the loan still unpaid, the Property was sold at foreclosure. *See* Am. Complaint, p. 5.

Plaintiff commenced this action against Carrington on December 27, 2023, and soon after filed the Amended Complaint.[1] The Amended Complaint appears to be a combination of parts of different documents Plaintiff copied from other matters. Plaintiff begins by declaring that Carrington "had no 'right' to foreclose" and after a series of conclusory allegations, restarts with another round of allegations on page 8, then alleges twelve counts, restarts again with a "Statement of Claim" on page 29, and then, beginning on page 34, lists various "questions," requests for documents, and demands for "firsthand evidence." Over 47 pages of allegations, Plaintiff fails to allege any facts suggesting that Carrington did not have the legal right to foreclose. Plaintiff's Amended Complaint should be dismissed because it is a shotgun pleading and his discernible claims fail to state any plausible claim to relief.

---

[1] The 113-page Amended Complaint appears to be identical to the 111-page original Complaint (Doc. 1-1), apart from the addition of the word "Amended" on the first page, Plaintiff's handwritten contact information on page 47, and two duplicate pages (pp. 1 & 48).

## FACTUAL BACKGROUND ACCORDING TO THE AMENDED COMPLAINT

On June 16, 2006, Ms. Springs obtained a reverse mortgage loan, executing a note (the "Note") and a loan agreement (the "Loan Agreement"). *See* Am. Complaint, p. 3 & Ex. C (Note & Loan Agreement).[2] To secure repayment of the loan, Ms. Springs also executed a security deed (the "Security Deed"), conveying the Property to the lender and its successors and assigns. *See* Am. Complaint, p. 3 & Ex. C (Security Deed). The Security Deed provides that, upon Ms. Springs's death, the lender may require immediate repayment of the loan and exercise the power of sale. *See* Security Deed ¶¶ 9(a), 20.

On December 16, 2022, Ms. Springs passed away. *See* Am. Complaint Ex. A (Death Certificate). Plaintiff alleges that upon Ms. Springs's passing, "property legally handed over to" him as her spouse. Am. Complaint p. 5.

In letters dated February 8 and March 9, 2023, Carrington advised Plaintiff that Ms. Springs's loan had been called due and payable as a result of her death. *See*

---

[2] "A reverse mortgage is a financial instrument designed to allow older homeowners to convert their home equity into liquid assets. In the typical reverse-mortgage transaction, the borrower receives a loan—in either a lump sum, a series of periodic payments, or a line of credit—that is secured by a mortgage on his home. Unlike a traditional mortgage loan, a reverse-mortgage loan generally needn't be repaid until a specific 'triggering' event occurs—usually, the borrower's death or the sale of his home. Upon the occurrence of that event, either (1) the estate will pay off the loan or (2) the lender will foreclose on the home to recover the money it lent." *Est. of Jones v. Live Well Fin., Inc.*, 902 F.3d 1337, 1338–39 (11th Cir. 2018) (internal citation omitted).

Am. Complaint Ex. D. The letters also explained the requirements, and deadline, to request a deferral of the obligation to repay the loan under a program made available by HUD:

> Pursuant to Mortgagee Letter 2015-15 released by the Department of Housing and Urban Development ("HUD"), Carrington Mortgage Services LLC may assign Nellie Springs's HECM loan to HUD and HUD may allow [Plaintiff] JAY SPRINGS to remain in the property provided that all of the necessary documentation is received and all of the qualifying conditions are met.

> At this time, we do not have all of the documentation required to determine the HECM loan's eligibility for assignment to HUD. Please find attached on page two (2), a list of the remaining documents required to complete the eligibility assessment for assignment. We must receive all required documents necessary to complete the assessment by 04/15/2023.

> **Please read this letter carefully to determine the remaining steps required to enable Carrington Mortgage Services LLC to assess whether all of the conditions are met to allow the HECM to be assigned to HUD, which could defer foreclosure of the Property.**

> Time is of essence. If **ALL** the required documents listed on page two (2) are not received, the HECM loan may not be eligible for assignment to HUD and foreclosure activities will proceed against the Property in accordance with HUD guidelines.

*Id.* The required documents included, among others, the release of any other liens on the Property and a signed and notarized tolling, forbearance and release agreement. *Id.* (3/9/2023 letter, p. 2).

Plaintiff does not allege (nor could he allege) that he timely provided all the documents required for Carrington to determine the loan's eligibility for a deferral.

*Cf.* Am. Complaint Ex. D (unsigned Georgia Forbearance, Extension and Release Agreement).

The Property was eventually sold at a foreclosure sale on November 7, 2023. *See* Am. Complaint, p. 5.

## <u>LEGAL STANDARD</u>

Rule 8(a)(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires that a plaintiff state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and state "each claim founded on a separate transaction or occurrence . . . in a separate count" if doing so would promote clarity. Fed. R. Civ. P. 10(b). "These rules, working together, require a plaintiff 'to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading' and allow the court to determine which facts supported which claims and whether the plaintiff had stated any claims upon which relief can be granted." *Washington v. Bauer*, 149 F. App'x 867, 869-70 (11th Cir. 2005) (quoting *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996)).

"To survive a motion to dismiss, a complaint must 'state a claim to relief that is plausible on its face,' meaning it must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged.'" *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1297 (11th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level …."). "A plaintiff does not state a claim for relief by offering mere 'labels and conclusions,' 'formulaic recitations of the elements of a cause of action,' or 'naked assertions devoid of further factual enhancement.'" *Kinsey v. MLH Fin. Servs., Inc.*, 509 F. App'x 852, 853 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

When considering a motion to dismiss, the Court must accept the well-pleaded facts in a complaint as true but "is not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); *see Willis v. Arp*, 165 F. Supp. 3d 1357, 1359 (N.D. Ga. 2016) (recognizing that courts "need not accept factual claims that are internally inconsistent; facts which run counter to facts of which the court can take judicial notice; conclusory allegations; unwarranted deductions; or mere legal conclusions asserted by a party" (citation omitted)). "When exhibits attached to a complaint contradict a plaintiff's general and conclusory allegations, the exhibits govern despite a court's duty to accept a plaintiff's allegations as true." *Kinsey*, 509 F. App'x at 853.

## **ARGUMENT**

### A.    **The Amended Complaint Is an Impermissible Shotgun Pleading.**

The Amended Complaint should be dismissed in its entirety because it is an impermissible shotgun pleading that fails to provide a coherent and concise statement of the facts supporting each claim, as required by Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"). "Shotgun pleadings include complaints that: (1) contain multiple counts where each count adopts the allegations of all preceding counts; (2) do not re-allege all preceding counts but are 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;' (3) do not separate each cause of action or claim for relief into separate counts; or (4) contain counts that present more than one discrete claim for relief." *Silverthorne v. Yeaman*, 668 F. App'x 354, 355 (11th Cir. 2016) (quoting *Weiland*, 792 F.3d at 1322-23). The "unifying characteristic" of all shotgun pleadings is that they "fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

Plaintiff's Amended Complaint is an impermissible shotgun pleading. The Amended Complaint is laden with unsupported, conclusory allegations, the vast

majority of which have no apparent connection to any of Plaintiff's alleged claims. *See, e.g.*, Am. Complaint, p. 1 (alleging that unspecified laws "have been breached by Defendants in concert with each other," despite Plaintiff naming only one defendant); p. 6 (alleging that "Powers of Attorney on behalf of the Plaintiff born date are removed, cancelled, and permanently revoked or nullified"); p. 7 (alleging "a bona fide UCC1 Financing Statement, … a perfected Land Grant protecting Plaintiff's privacy right of Claim of the real property, and a private expressed Trust to which the real property is Trust Corpus, res judicata"); pp. 9, 10 & 14 (referring to exhibits that are not attached to the Amended Complaint); p. 30 (alleging "lender did induce alleged borrower/contractor to sign off on work that was incomplete, and to obtain a CO of the work," citing Connecticut case law); p. 42 (requesting "proof of valid ownership interest" in a different property, "708 Raven Springs Trail"). And many of these allegations are then incorporated into each of the succeeding twelve counts.[3] *See, e.g.*, Am. Complaint, p. 27 (incorporating by reference "all of the foregoing paragraphs").

With "such an incoherent and disorganized pleading," Carrington is unable to determine "what claims Plaintiff is asserting and the factual allegations upon which these claims are based." *Banks v. Aldridge Pite LLP*, No. 1:18-CV-01433-RWS-

---

[3] The final count is labeled "Count XI," but there are two counts identified as "Count VI," resulting in twelve total counts.

JFK, 2018 WL 6136794, at *8 (N.D. Ga. Oct. 2, 2018). As a shotgun pleading, the Amended Complaint should be dismissed. *See, e.g.*, *Arrington v. Green*, 757 F. App'x 796, 798 (11th Cir. 2018) (affirming dismissal of amended complaint that contained "scattered legal arguments, legal standards, legal conclusions, and even (incomplete) citations to legal authorities"); *Carvel v. Godley*, 404 F. App'x 359, 361-62 (11th Cir. 2010) (affirming dismissal where the complaint would "force the district court and the defendant to rummage through page after page of facts and conclusions to make independent determinations regarding what allegations, if any, fit with each claim, if any"); *Sledge v. PHH Mortg. Corp.*, No. 1:22-CV-1704-WMR-JKL, 2022 WL 18777531, at *4 (N.D. Ga. Aug. 4, 2022) (concluding that a plaintiff's filing amounted "to a shotgun pleading in that it (1) fail[ed] to allege a single set of causes of action; (2) fail[ed] to identify the facts that form the basis of each claim for relief (in any of the lists of claims recited); and (3) include[d] far too many irrelevant, unexplained, or conflicting allegations").

### B.    <u>The Amended Complaint Fails to State Any Claim Upon Which Relief Can Be Granted.</u>

As best Carrington can discern, the Amended Complaint potentially attempts to assert the following claims: wrongful foreclosure; violations of the Federal Trade Commission Act ("FTC Act"); misrepresentation; violations of the Fair Debt Collection Practices Act ("FDCPA"); violations of the Fair Credit Reporting Act

("FCRA"); violations of the Truth in Lending Act ("TILA"); and breach of contract.[4]

Each of these claims is subject to dismissal for any number of reasons.

> **1.    The Amended Complaint Is Based on Invalid Legal Theories that Cannot Support Any Claim for Relief Under Georgia Law.**

Nearly all of Plaintiff's claims are based at least in part on his contention that no one can lawfully foreclose without "presenting the wet-ink signature promissory note" (Am. Complaint, p. 8; *see, e.g.*, pp. 10, 13-14, 16-17, 20-24, 26-27), and when "the Promissory Note and Security Deed of Trust are 'split'" (Am. Complaint, p. 10; *see, e.g.*, pp. 14, 15, 20-24, 26). These theories are meritless.

Georgia law "does not require a party seeking to exercise a power of sale in a deed to secure debt to hold, in addition to the deed, the promissory note evidencing the underlying debt." *You v. JP Morgan Chase Bank*, 293 Ga. 67, 67, 743 S.E.2d 428 (2013). Neither possession of a note nor the separation of a note and security deed has any impact on the right to foreclose. Any claims premised on these theories fail as a matter of law. *See, e.g.*, *Lutman v. Ocwen Loan Servicing, LLC*, No. 1:16-CV-1407-ELR-LTW, 2018 WL 1277825, at *3 (N.D. Ga. Feb. 12, 2018)

---

[4] The Amended Complaint also makes passing reference to trespass (p. 1); RESPA (pp. 9, 30, 32); breach of fiduciary duty (p. 30); "Georgia Deceptive Trade Practices Law" (p. 32); and "Civil RICO, … usury, fraud in the inducement and fraud in the execution of, and malicious abuse of the process among other causes of action" (p. 9). To the extent Plaintiff is attempting to assert these or any other claims, these claims are also subject to dismissal because Plaintiff has failed to allege sufficient facts to state a plausible claim.

("Plaintiff's theory that the Note and the Deed have been separated is also not a viable theory because Georgia law does not require the foreclosing party to hold both the Note and Security Deed."), *report and recommendation adopted*, 2018 WL 4481952 (N.D. Ga. Mar. 6, 2018); *Roberts v. Bayview Loan Servicing*, No. 1:15-CV-03356-RWS-AJB, 2016 WL 7888044, at *4 (N.D. Ga. July 1, 2016) ("[A]rguments that failure to produce the note or that splitting the note from the security deed rendered the deed holder without authority to foreclose both fail as a matter of law."), *report and recommendation adopted*, 2016 WL 7974078 (N.D. Ga. Aug. 8, 2016); *Montoya v. Branch Banking & Tr. Co.*, No. 1:11-CV-01869-RWS, 2012 WL 826993, at *5 (N.D. Ga. Mar. 9, 2012) ("[A]ny and all claims arising out of Defendants' alleged failure to produce the Note fail as a matter of law.").

### 2.   The Amended Complaint Fails to State a Claim for Wrongful Foreclosure.

Although not enumerated as separate count, the crux of this case appears to be Plaintiff's claim for wrongful foreclosure. *See* Am. Complaint, pp. 2, 6. "Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 371, 601 S.E.2d 842 (2004).

Plaintiff has not alleged any of these elements. Nor could he, since he was not a party to the Security Deed. *See, e.g., Boakye-Sankwa v. CitiMortgage, Inc.*, No.

1:15-CV-352-RWS, 2015 WL 12434312, at *1 (N.D. Ga. Sept. 11, 2015) (dismissing the plaintiff's claims because "she is a stranger to the loan transaction" and "[a]s such, she does not have standing to bring a wrongful foreclosure action"); *Canton Plaza, Inc. v. Regions Bank, Inc.*, 315 Ga. App. 303, 308, 732 S.E.2d 449 (2012) (finding plaintiffs were not entitled to pursue claim for wrongful foreclosure because they were not parties to the security deed). Any claim for wrongful foreclosure should be dismissed. *See, e.g.*, *Walker v. U.S. Bank Nat. Ass'n*, 572 F. App'x 740, 743 (11th Cir. 2014) (finding the district court properly dismissed wrongful foreclosure claim because the plaintiff "alleged none of the elements of a wrongful foreclosure claim in his complaint").

To the extent Plaintiff seeks to set aside the foreclosure sale, Plaintiff's claim also fails because Plaintiff has not alleged that he tendered the amount due on Ms. Springs's loan. *See Anderson v. Deutsche Bank Nat'l Tr. Co.*, No. 1:11-CV-4091-TWT-ECS, 2012 WL 3756512, at *8 (N.D. Ga. Aug. 6, 2012) ("Under Georgia law, the Court may not enjoin or set aside a foreclosure sale where the plaintiff has made no tender of the indebtedness secured by the deed to secure debt."), *report and recommendation adopted*, 2012 WL 3756435 (N.D. Ga. Aug. 27, 2012). Thus, as a matter of law, Plaintiff is not entitled any equitable relief related to the foreclosure. *See, e.g., Cosby v. Deutsche Bank Nat'l Tr.*, No. 1:16-CV-03948-MHC-JCF, 2017 WL 11094248, at *7 (N.D. Ga. Apr. 17, 2017) (finding plaintiffs were not entitled

to "equitable relief related to the past foreclosure sale, i.e., to set aside the foreclosure sale, because they have not shown that the loan was not in default, and they have not alleged that they tendered or attempted to tender the amount due under the loan").

### 3.    Plaintiff Cannot State a Claim Under the FTC Act.

The first ten counts of the Amended Complaint allege, among other things, that Carrington violated the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a). *See* Am. Complaint, pp. 12, 15-25. These claims fail as a matter of law because there is no private right of action under the FTC Act. *See Holmes v. Ocwen Fin. Corp.*, 747 F. App'x 836, 837 (11th Cir. 2019); *see, e.g.*, *Nazaire v. Deutsche Bank Nat'l Tr. Co.*, No. 1:20-CV-00979-AT-RGV, 2020 WL 10227665, at *9 (N.D. Ga. June 8, 2020), *report and recommendation adopted*, 2020 WL 10227646 (N.D. Ga. June 26, 2020). Even if there were, the Amended Complaint fails to allege any factual basis to support such a claim. *See generally F.T.C. v. Tashman*, 318 F.3d 1273, 1277 (11th Cir. 2003) ("To establish liability under section 5 of the FTCA, the FTC must establish that (1) there was a representation; (2) the representation was likely to mislead customers acting reasonably under the circumstances, and (3) the representation was material."). Any claim under the FTC Act should be dismissed with prejudice. *See, e.g.*, *Bascom v. JP Morgan Chase Bank Nat'l Ass'n*, No. 3:17-CV-00121-TCB-RGV, 2018 WL 1804347, at *4 (N.D. Ga. Feb. 9, 2018).

### 4.    The Amended Complaint Fails to State a Claim for Misrepresentation.

Counts I and X purport to assert claims for misrepresentation. *See* Am. Complaint, pp. 11-14, 26-27. "The five elements essential to a tort suit for damages resulting from a material misrepresentation constituting fraud are: (1) that the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them intending to deceive the plaintiff; (4) that the plaintiff justifiably relied on the representations; and (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made." *Dyer v. Honea*, 252 Ga. App. 735, 737, 557 S.E.2d 20 (2001).

In alleging this claim, a plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy the particularity standard, a plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997)); *see WESI, LLC v. Compass Envtl., Inc.*, 509 F. Supp. 2d 1353, 1358 (N.D. Ga. 2007) ("Essentially, Rule 9(b) requires plaintiffs in a fraud case to specify the who, what, where, when, why, and how of the alleged fraud.").

The Amended Complaint does not plead the essential elements of a misrepresentation claim or come close to pleading fraud with particularity. Plaintiff alleges that Carrington "misrepresented, expressly or by implication, that Plaintiff owed the amounts specified in [Carrington] communications" and "misrepresented directly and/or indirectly, expressly, or by implication the Plaintiff is obligated to pay the amount specified by Claimants [sic] et al communication for default related services such as real property mortgage payments, inspection reports, late fees, title reports, and foreclosure trustee services." Am. Complaint, p. 11; *see also* p. 26. Plaintiff's conclusory allegations "do not plausibly suggest who made the purported representations, when they were made, where they were made, or that [Plaintiff] even justifiably relied on any such representations to his detriment." *Favors v. Select Portfolio Servicing, Inc.*, No. 3:14-CV-00190-TCB-RGV, 2015 WL 11557583, at *9 (N.D. Ga. June 18, 2015), *report and recommendation adopted*, 2015 WL 12434466 (N.D. Ga. July 8, 2015). Absent such facts, the Amended Complaint fails to state a claim for misrepresentation or fraud. *See, e.g.*, *id.*; *Next Century Communs. Corp. v. Ellis*, 214 F. Supp. 2d 1366, 1370 (N.D. Ga. 2002) (finding the failure to "allege facts sufficient to support the justifiable reliance element of fraud or misrepresentation" required dismissal).

**5. The Amended Complaint Fails to State a Claim for Violation of the FDCPA.**

Counts IV through VII purport to state claims for violation of the FDCPA. To state a claim under the FDCPA, "a plaintiff must allege: (1) he has been subject to collection activity arising from a consumer debt; (2) the defendant qualifies as a 'debt collector' under the FDCPA; and (3) 'the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA.'" *Graham v. Mortg. Elec. Registration Sys., Inc.*, No. 2:11-CV-00253-RWS, 2012 WL 527665, at *4 (N.D. Ga. Feb. 17, 2012) (quoting *Buckley v. Bayrock Mortg. Corp.*, No. 1:09-CV-1387-TWT, 2010 WL 476673, at *6 (N.D. Ga. Feb. 5, 2010)). Plaintiff has not plausibly alleged any of these elements.

First, there is no factual basis to infer that Plaintiff—who was not a borrower on Ms. Springs's reverse mortgage—has been the subject of collection activity. *See* Am. Complaint Ex. C. Second, Plaintiff has not alleged any facts that would plausibly support finding that Carrington is a "debt collector" under the FDCPA. *See* 15 U.S.C. § 1692a(6) (defining the term "debt collector"); *see, e.g.*, *Kurtzman v. Nationstar Mortg. LLC*, 709 F. App'x 655, 659 (11th Cir. 2017) ("Because his complaint fails to plausibly allege sufficient facts regarding Nationstar's status as a debt collector, his FDCPA claims must be dismissed."). And third, Plaintiff has not alleged any facts showing Carrington engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. The Amended Complaint simply

repeats the language of the statute. This is not sufficient to state a plausible claim. *See, e.g.*, *Reshaw v. Select Portfolio Servicing, Inc.*, No. 3:18-CV-00109-TCB-RGV, 2019 WL 5490620, at *7 (N.D. Ga. July 31, 2019) (dismissing FDCPA claims that were "completely devoid of any factual allegations beyond a recitation of the statutory language and a conclusory assertion that [the defendant] violated the particular provision"), *report and recommendation adopted*, 2019 WL 5491307 (N.D. Ga. Aug. 27, 2019).

### 6. The Amended Complaint Fails to State a Claim for Violation of the FCRA.

In Count VIII, Plaintiff alleges that he "informed CARRINGTON MORTGAGE, LLC that he disputed the completeness or accuracy of information furnished by CARRINGTON MORTGAGE, LLC to the consumer reporting agency," resulting in violations of section 623(a)(3) of FCRA, codified at 15 U.S.C. § 1681s-2(a)(3).[5] Am. Complaint, p. 24. This claim fails as a matter of law because there is no private right of action for a violation of § 1681s-2(a)(3). *See Briscoe v. Equifax Info. Servs., LLC*, No. 1:20-CV-02239-WMR-CMS, 2020 WL 10046994, at *3 (N.D. Ga. Oct. 27, 2020) ("Consumers have no private right of action against

---

[5] 15 U.S.C. § 1681s-2(a)(3) provides: "If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer."

furnishers for reporting inaccurate information to CRAs regarding consumer accounts."), *report and recommendation adopted*, 2021 WL 2376663 (N.D. Ga. Jan. 12, 2021). Even if there were a private right of action, Plaintiff has not alleged any factual basis to infer that Carrington furnished any information about him to any consumer reporting agency, in violation of the statute. Accordingly, Plaintiff's FCRA claim is due to be dismissed.

### 7.    Plaintiff Cannot State Any Claim Under TILA.

In Count IX, Plaintiff claims that Carrington violated TILA, and its implementing regulation, Regulation Z, by including "the cost of a modification fee in the unpaid principal balance of modified loans, without providing required full disclosures." Am. Complaint, p. 25. Elsewhere in the Amended Complaint, Plaintiff also suggests that Carrington violated TILA and Regulation Z by failing "to provide full disclosure in the closing documents given to [Plaintiff] JAY FRANCIS SPRINGS, Beneficiary during the 'Reverse Mortgage Process' closing on the alleged mortgage loan." Am. Complaint, p. 9; *see also* p. 29 (alleging that TILA requires that "the bank must provide the Homeowners with correct full disclosures at the time of closing"). These claims fail for at least three reasons.

First, TILA provides a "civil cause of action *by a consumer* against a creditor who fails to make the required disclosures." *Johnson v. Ocwen Loan Servicing*, 374 F. App'x 868, 874 (11th Cir. 2010) (quoting *Tower v. Moss*, 625 F.2d 1161 (5th Cir.

1980)). Since Plaintiff was not a borrower or otherwise obligated on Ms. Springs's loan, he does not have standing to assert any claim under TILA. *See, e.g.*, *Johnson*, 374 F. App'x at 874 (affirming dismissal for lack of standing where the plaintiff "was not a debtor or 'consumer' of the loan").

Second, even if Plaintiff had standing, his TILA claims would be barred by the applicable statute of limitations. "TILA claims are subject to either a one-year or three-year statute of limitations depending on the claim being asserted." *Patel v. Cap. One Fin. Corp.*, No. 1:18-CV-03430-LMM-JFK, 2019 WL 2714507, at *8 (N.D. Ga. Apr. 17, 2019). Plaintiff did not file this action until more than 17 years after the closing on the reverse mortgage. As a result, his TILA claims would be time-barred. *See, e.g.*, *Nazaire v. Deutsche Bank Nat'l Tr. Co.*, No. 1:20-CV-00979-AT-RGV, 2020 WL 10227665, at *11 (N.D. Ga. June 8, 2020), *report and recommendation adopted*, 2020 WL 10227646 (N.D. Ga. June 26, 2020).

Third, even if Plaintiff's claims were timely, his allegations are insufficient to state a plausible claim for relief. Plaintiff admits he "is not in any Loan Modification Agreements with the Defendant" (Am. Complaint, p. 6), and he has not alleged how any disclosures at closing were lacking or how Carrington, who was not the original lender at closing, would have violated TILA. For this additional reason, any TILA claim should be dismissed. *See, e.g.*, *El v. McGehee*, No. 1:22-CV-03957-LMM, 2022 WL 16833490, at *2 (N.D. Ga. Oct. 4, 2022).

> **8.    The Amended Complaint Fails to State a Claim for Breach of Contract.**

Count XI of the Amended Complaint is titled "Breach of Contract." *See* Am. Complaint, p. 27. "In Georgia, the essential elements of a breach of contract claim are (1) a valid contract; (2) material breach of its terms; and (3) damages arising therefrom." *Patel v. Cap. One Fin. Corp.*, No. 1:18-CV-03430-LMM-JFK, 2019 WL 2714507, at *10 (N.D. Ga. Apr. 17, 2019) (quoting *Brooks v. Branch Banking & Tr. Co.*, 107 F. Supp. 3d 1290, 1295 (N.D. Ga. 2015)). To survive a motion to dismiss, "a plaintiff asserting a breach of contract claim must allege a particular contractual provision that the defendants violated." *Brooks*, 107 F. Supp. 3d at 1296 (quoting *Anderson v. Deutsche Bank Nat. Tr. Co.*, No. 1:11-CV-4091-TWT-ECS, 2012 WL 3756512, at *5 (N.D. Ga. Aug. 6, 2012), *report and recommendation adopted*, 2012 WL 3756435 (N.D. Ga. Aug. 27, 2012)).

Here, Plaintiff alleges that Carrington "failed to provide any Escrow Analysis as requested by Plaintiff" and that Carrington has "no verified or valid claim of interest in the real property, according to Law, requiring proof of possession of the wet-ink promissory note authorizing them to bring a lawful foreclosure action." Am. Complaint, p. 27. But Plaintiff has not identified any contract, much less any specific contractual provision that would require Carrington to prove its possession of the Note or to provide him with "Escrow Analysis." *See also Trice v. Bank of New York Mellon*, No. 1:12-CV-3174-AT, 2012 WL 12873612, at *5 (N.D. Ga. Nov. 8, 2012)

("there is no requirement in Georgia that the foreclosing entity produce the note"). Nor has he identified how he was damaged by any alleged breach.

Without any facts to support the essential elements of a breach of contract claim, Count XI fails and should be dismissed. *See, e.g., Sledge v. PHH Mortg. Corp.*, No. 1:22-CV-1704-WMR-JKL, 2022 WL 18777529, at *6 (N.D. Ga. Nov. 14, 2022) (dismissing breach of contract claim where the plaintiff described "several actions Defendants took with which she takes issue" but did not "identify any contractual provision in the mortgage documents that Defendants breached with this conduct"), *report and recommendation adopted*, 2023 WL 2949989 (N.D. Ga. Jan. 25, 2023); *Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp. 2d 1369, 1379–80 (M.D. Ga. 2011) (dismissing breach of contract claim where the plaintiff did "not indicate which specific contract has been breached" or sufficiently plead resultant damages).

## **CONCLUSION**

For all the foregoing reasons, Plaintiff's Amended Complaint should be dismissed.

Respectfully submitted this 20th day of February, 2024.

> */s/ Jennifer E. Ziemann*
> _____
> Jennifer E. Ziemann
> Georgia Bar No. 264280
> BURR & FORMAN LLP
> 1075 Peachtree Street NE, Suite 3000
> Atlanta, GA 30309
> Telephone: (404) 815-3000
> jziemann@burr.com
>
> Joshua H. Threadcraft
> Georgia Bar No. 119050
> BURR & FORMAN LLP
> 420 North 20th Street, Suite 3400
> Birmingham, AL 35203
> Telephone: (205) 251-3000
> jthreadcraft@burr.com
>
> *Attorneys for Defendant*

## LOCAL RULE 7.1(D) CERTIFICATION

I hereby certify that the foregoing has been prepared with Times New Roman,

14-point font, one of the font and point selections approved by the Court in LR 5.1.

> */s/ Jennifer E. Ziemann*
> _____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing has been filed with the Clerk of Court using the CM/ECF system, and that a copy has been served on the following non-CM/ECF participant by U.S. Mail, on this 20th day of February, 2024:

Jay Francis Springs
43 Gammon Ave SE
Atlanta, GA 30315

*/s/ Jennifer E. Ziemann*
Georgia Bar No. 264280
Attorney for Defendant

BURR & FORMAN LLP
1075 Peachtree Street NE, Suite 3000
Atlanta, GA 30309
Telephone: (404) 815-3000
jziemann@burr.com